## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

DIGITAL VERIFICATION SYSTEMS,
LLC,

               Plaintiff,

     v.

APPEXTREMES, LLC. d/b/a CONGA,

               Defendant.

Civil Action No. _____

**PATENT**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Digital Verification Systems, LLC. ("Digital Verification" or "Plaintiff"), through its undersigned attorneys, sues Defendant, AppExtremes, LLC, d/b/a Conga  ("Conga"), and alleges:

### NATURE OF THE ACTION

1.     This is an action for infringement of U.S. Patent No. 9,054,860 ("the '860 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.  This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '860 patent.  As set forth herein, Plaintiff brings this action to enjoin Defendant from infringing the '860 patent and to recover all damages associated with the infringement of the '860 patent, including attorneys' fees and costs.

### PARTIES

2.     Digital Verification is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093-5189.

3.      Upon information and belief, Conga is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business and its headquarters at 13699 Via Varra, Broomfield, CO 80020.  Upon information and belief, Conga does business as Conga United States.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391, 1400(a), and 1400(b).

5.      Upon information and belief, this Court has personal jurisdiction over Conga, because, *inter alia*, Conga is incorporated in this district and has its registered agent in this district, and has a principal place of business in this district.

6.      Upon information and belief, Conga regularly and continuously transacts business within the State of Colorado, including availing itself of the privilege of conducting business in the State of Colorado by developing, manufacturing, marketing, and/or selling its Conga products there for use by Colorado citizens.   Upon information and belief, Conga derives substantial revenue from its sales including residents in the State of Colorado.  For instance, Conga offers its products for sale online to customers, including customers in Colorado.   *See* https://cdn.brandfolder.io/GSYIHDPR/as/ps8b8g-d43rzs-c249cy/Conga_Sign_data_sheet.pdf.

7.      Upon information and belief, Conga will directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element of at least one claim of the '860 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, Defendant offers the accused product to customers in Colorado through its website. *See id*.  Upon information and belief, Defendant has engaged in substantial and not isolated

activity within the district.  For these reasons, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice.

8.      Regarding at least some of its activities, Defendant solicits business from and markets its products to consumers within California by providing a system and a method of digital identification verification, as described in the '860 patent.

9.      In addition to Defendant's continuously and systematically conducting business in California, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of California including Defendant's use of a system and a method of digital identification verification, as described in the '860 patent.

10.     Defendant is a company that has a regular and established presence in the district and makes and uses a system and a method of digital identification verification.

11.     For the reasons set forth above, venue is proper in this judicial district under 28 U.S.C. § 1400(b).

## BACKGROUND

12.     On June 9, 2015, the USPTO duly and legally issued the '860 patent, entitled "Digital Verified Identification System and Method" after a full and fair examination.  See Exhibit 1.

13.     13.      Digital Verification is presently the owner of the patent, having received all right, title and interest in and to the '860 patent from the previous assignee of record.  Therefore, Digital Verification, as the owner of the entire right, title and interest in the '860 patent, possesses the right to sue for infringement of the '860 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## THE '860 PATENT

14.     The '860 patent contains a total of thirty-nine (39) claims: four (4) independent claims and thirty-five (35) dependent claims.

15.     The '860 patent claims a digital verified identification system and a method of digital identification verification.

16.     Defendant commercializes, inter alia, a digital verification system comprising at least one digital identification module structured to be associated with at least one entity, a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module, said at least one digital identification module being disposable within at least one electronic file, and said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

17.     Defendant also commercializes, inter alia, a method of digital identification verification, comprising: receiving at least one verification data element from an entity, creating at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least one primary component at least partially associated with the entity, and embedding the at least one digital identification module within an electronic file, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

18.     The '860 patent will expire no earlier than March 7, 2034 due, in part, to patent term adjustments.

19.     The '860 patent discloses and claims, in part, an invention for "a digital verified identification system and method having at least one digital identification module structured to be embedded or otherwise disposed within one or more electronic files."  See Exhibit 1 at Col. 1, lines 46-48.  The invention disclosed and claimed in the '860 patent solved at least one technical issue in which "various electronic signatures or identifiers…are rather difficult to authenticate, and as such, it has become an arduous, if not impossible task to verify and/or authenticate the identity of the signatory to a

respectable degree." See id. at Col. 1, lines 48-51. In particular, the disclosed system and method allow for "a module or entity reference code and/or number, the signatory's name, the date/time, or other data corresponding to the signatory and/or the signatory's digital identification module." Id. at Col. 2, lines 12-17.

20.     Furthermore, the combination of elements – the software solution – allows for a system and method to "access some or all of the metadata components of the digital identification module, for example, by activating the module. Specifically, the user may hover a mouse or other pointing device thereon, or click on the digital identification module via the mouse or pointing device." See id. at Col. 2, lines 30-48. The present solution further allows "creating at least one digital identification module corresponding to the entity," "embedding the at least on digital identification module within an electronic file," such that the "at least one digital identification module is cooperatively structured to be embedded within only a single electronic file." See id. at Col. 8, lines 1-3, Col. 8, lines 21-24, and Col. 7, line 33 – Col. 8, line 62.

### INFRINGEMENT BY CONGA

21.     The accused products include, but are not limited to, Conga's Conga Sign ("the Accused Products"). Conga directly infringes through the actions of the Accused Product. In particular, the Accused Product performs each and every element of at least claim 1 of the '860 patent..

22.     The Accused Product comprises a digital verified identification system that allows for secure signing of documents virtually. *See* https://conga.com/workflow-automation-software/electronic-signature-online                 and                 https://cdn.brandfolder.io/GSYIHDPR/as/ps8b8g-d43rzs-c249cy/Conga_Sign_data_sheet.pdf.

23.     The Accused Product includes at least one identification module structured to be associated with at least one entity. In particular, the Accused Product has a specialized username and password associated with each entity. *See* http://conga.com/user/login.



24.     Upon information and belief, the Accused Product includes a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity.  *See* http://conga.com/workflow-automation-software.  In particular, the Accused Product requires the entry of a username and password.  *See* http://conga.com/user/login.

25.    Upon information and belief, the at least one digital identification module is disposable within at least one electronic file and create saif at least one digital identification module.  For instance, Conga advertises that it provides "an electronic signature or eSignature [that] is a secure, legally binding signature on a form or contract that is collected digitally."  *See* http://conga.com/workflow-automation-software/electronic-signature-online.

26.    Upon information and belief, the at least one digital identification module comprises at least one primary component structure to at least partially associate said digital identification module with said at least one entity.  For instance, the Accused Product enables a user to create a signature by choosing pre-typed signature or drawing a new signature.  *See* http://videos.conga.com/detail/videos/conga-sign-demo/video/5977734567001/conga-sign---draw-your-signature?autoStart=true;

https://support.conga.com/content/sign/conga-sign/how-do-i-sign-a-document;

https://conga.com/workflow-automation-software/electronic-signature-online/conga-sign.

27.     Upon information and belief, the at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.  For example, the Accused Product enables a user to sign a document selected by the user for signing (*i.e.,* the user must agree to use and accept the electronic signatures to a particular document.     *See* https://support.conga.com/content/sign/conga-sign/how-do-i-sign-a-document;       http://videos.conga.com/detail/videos/conga-sign-demo/video/5977734567001/conga-sign---draw-your-signature?autoStart=true.

By clicking agree, you agree to use and accept
electronic signatures for this document.

**Agree and Start Signing**

28.     As shown in paragraphs 21-27 above, the Accused Product as installed on a mobile device contains all of the elements of at least claim 1 of the '860 patent. Defendant's Accused Product is enabled by invention described and claimed in the '860 patent.

## COUNT I

## (DIRECT INFRINGEMENT OF THE '860 PATENT BY CONGA)

29.     Each of the preceding paragraphs 1 through 28 are realleged and incorporated as if fully set forth.

30.     In violation of, at least, 35 U.S.C. §§ 271, upon information and belief, Defendant is now, and has directly infringed the '860 patent.

31.     Defendant has had knowledge of infringement of the '860 patent, or will have knowledge of infringement of the '860 patent upon the service of this Complaint.  Defendant's infringement of the '860 patent will thus be knowing and intentional at least upon the service of this Complaint.

32.     Defendant has directly infringed and continues to directly infringe at least claim 26 of the '860 patent by making, using, offering to sell, selling, and/or importing the Accused Product with a mobile

device without authority in the United States.  Defendant does not have a license or authorization to use any product covered by the claims of the '860 patent.

33.     As a direct and proximate result of Defendant's direct infringement of the '860 patent, Plaintiff has been and continues to be damaged.

34.     By engaging in the conduct described herein, Defendant has injured Digital Verification and is thus liable for direct infringement of the '860 patent, pursuant to 35 U.S.C. § 271(a).

35.     If infringement of the '860 patent by Defendant is not enjoined, Digital Verification will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

36.     Digital Verification demands a trial by jury of all causes of action that are so triable.

## REQUEST FOR RELIEF

WHEREFORE, Digital Verification respectfully requests that this Court grant the following relief:

That Defendant be adjudged to have infringed the '860 patent literally or through the doctrine of equivalents;

2.     An order permanently enjoining SutiSoft, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product, any component of the Accused Product that constitutes a material part of the claimed invention, or any product that infringes the '860 patent until after the expiration date of the '860 patent, including any extensions and/or additional periods of exclusivity to which Digital Verification is, or becomes, entitled;

3.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Digital

Verification for the Defendant's past infringement and any continuing or future infringement up

until the date that Defendant is finally and permanently enjoined from further infringement,

including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interest and costs against

Defendant, together with an award of such interest, expert fees, and costs incurred during this

litigation, in accordance with 35 U.S.C. §284;

5.      That Defendant's infringement after service of this Complaint is intentional and

knowing infringement and the assessment of three times the damages found for infringement

after service of this Complaint, in accordance with 35 U.S.C. §284;

6.      That Defendant be directed to pay enhanced damages, including Digital

Verification's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7.      Such further relief as this Court deems proper and just, including but not limited

to any appropriate relief under Title 35.


Dated September 2, 2020.

                                           _/s/David A Chavous_____
                                           David A. Chavous, Esq.
                                           CHAVOUS INTELLECTUAL
                                           PROPERTY LAW LLC
                                           793 Turnpike Street, Unit 1
                                           North Andover, MA 01845
                                           Phone: (978) 655-4309
                                           Fax: (978) 945-0549
                                           dchavous@chavousiplaw.com